# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FLOYD D. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:06-1009 |
| v. ) | Judge Nixon / Knowles |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket Entry No. 18. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket Entry No. 23. Plaintiff has filed a Reply. Docket Entry No. 24.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

1

# I. INTRODUCTION

Plaintiff filed his applications for SSI and DIB on July 17, 2003 and August 1, 2003 respectively, alleging that he had been disabled since January 1, 2003, due to "diabetes, nerve damage in leg, feet, knees, heart, and neuropathy in feet, legs, and fingers." Docket Entry No. 14, Attachment ("TR"), TR 56, 38. Plaintiff's applications were denied both initially (TR 35, 39) and upon reconsideration (TR 37, 46, 48). Plaintiff subsequently requested (TR 32) and received (TR 28) a hearing. Plaintiff's hearing was conducted on September 29, 2005, by Administrative Law Judge ("ALJ") George L. Evans, III. TR 243-271. Plaintiff appeared and testified. *Id.*

On February 1, 2006, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 16-26. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's generalized peripheral neuropathy, diabetes mellitus, coronary artery disease, and status post left knee arthroscopic surgery are considered "severe" in combination based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set

|  |  |  |
|---|---|---|
|  |  | forth in the body of the decision. |
|  | 6. | The claimant has the following residual functional capacity: to perform sedentary work. |
|  | 7. | The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965). |
|  | 8. | The claimant is a "younger individual" (20 CFR §§ 404.1563 and 416.963). |
|  | 9. | The claimant has a "high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964). |
|  | 10. | The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968). |
|  | 11. | The claimant has the residual functional capacity to perform the full range of sedentary work (20 CFR §§ 404.1567 and 416.967). |
|  | 12. | Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.21. |
|  | 13. | The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(g) and 416.920(g)). |

TR 24-25.

Plaintiff timely filed a request for review of the hearing decision. TR 13. On August 11, 2006, the Appeals Council issued a letter declining to review the case (TR 5-7), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

3

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270,

4

273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which

5

significantly limits his or her ability to work (a "severe"
impairment), then he or she is not disabled.

(3) If the claimant is not working and has a severe impairment, it
must be determined whether he or she suffers from one of the
"listed" impairments[1] or its equivalent. If a listing is met or
equaled, benefits are owing without further inquiry.

(4) If the claimant does not suffer from any listing-level
impairments, it must be determined whether the claimant can
return to the job he or she previously held in light of his or her
residual functional capacity (e.g., what the claimant can still do
despite his or her limitations). By showing a medical condition
that prevents him or her from returning to such past relevant work,
the claimant establishes a *prima facie* case of disability.

(5) Once the claimant establishes a *prima facie* case of disability,
the burden shifts to the Commissioner to establish the claimant's
ability to work by proving the existence of a significant number of
jobs in the national economy which the claimant could perform,
given his or her age, experience, education, and residual functional
capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with

---

[1] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

6

particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ's finding that Plaintiff could perform other work was not supported by substantial evidence. Docket Entry No. 19. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171,

7

176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

Plaintiff argues that the ALJ's finding that Plaintiff could perform other work was not supported by substantial evidence. Docket Entry No. 19. Specifically, Plaintiff contends that the ALJ made "inconsistent findings" and "incorrectly relied on the Medical Vocational Guidelines to direct an unfavorable decision." *Id.* Plaintiff argues that, given his alleged nonexertional impairment of generalized peripheral neuropathy, the testimony of a Vocational Expert was needed at the hearing to determine whether that nonexertional impairment would significantly erode the occupational base for sedentary work. *Id.*

Defendant argues that the testimony of a Vocational Expert was not needed because the ALJ reviewed all the medical and non-medical evidence of Record and determined that Plaintiff could perform substantially all of the requirements of sedentary work, a determination that does not support Plaintiff's additional claimed limitations. Docket Entry No. 23. Defendant further argues that the Medical-Vocational guidelines ("Grid") can be used to direct an unfavorable decision only if the plaintiff has the exertional residual functional capacity to perform substantially all of the seven primary strength demands required by work at the given level of exertion. *Id., citing* SSRs 83-10 and 83-11. Defendant maintains that the ALJ considered Plaintiff's age, education, and vocationally relevant past work experience, in conjunction with the medical and testimonial evidence of Record, and determined that, despite Plaintiff's assertion that he suffered from a non-exertional limitation, he could perform substantially all of the requirements of sedentary work. *Id.* Defendant contends that the ALJ's determination was proper, and therefore, that the testimony of a Vocational Expert was not required.

Plaintiff has filed a Reply, arguing that he has cited extensive proof that he does, in fact,

8

suffer from the non-exertional limitation of "generalized sensorimotor polyneuropathy secondary to diabetes with neuropathetic recruitment changes seen in the distal musculature in both hands and feet." Docket Entry No. 24. Plaintiff argues that the ALJ's findings were inconsistent because the ALJ used the Medical-Vocational Guidelines to deny Plaintiff's claim after finding that Plaintiff did not have any non-exertional limitations, but yet found in Finding 3 that Plaintiff's generalized peripheral neuropathy was a "severe" impairment, which is defined as a medically determinable impairment or combination of impairments that significantly limit(s) an individual's physical or mental ability to do basic work activities. *Id.* Plaintiff contends that it was erroroneous for the ALJ to rely upon the Grid and not obtain the testimony of a Vocational Expert given the ALJ's finding that Plaintiff's non-exertional limitation of generalized peripheral neuropathy was severe. *Id.*

Although Plaintiff asserts that the ALJ, in Finding 3, found his generalized peripheral neuropathy to be severe, the ALJ actually found as follows:

> 3. The claimant's generalized peripheral neuropathy, diabetes mellitus, coronary artery disease, and status post left knee arthroscopic surgery are considered "severe" *in combination* based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).

(Emphasis Added.) As can be seen, the ALJ found the *combination* of Plaintiff's ailments to be severe. He did not determine that any one ailment, standing alone, was severe.

In reaching his determination that Plaintiff was not disabled, the ALJ considered the medical and testimonial evidence of Record. Specifically, the ALJ considered, *inter alia*, the opinions of State Agency physicians Dr. Bell and Dr. Patikar, who reviewed Plaintiff's medical

9

records in January and May 2004 and found that Plaintiff had no manipulative limitations.[2] TR 23, 133-140, 145-150. The ALJ also considered the opinion of neurologist Dr. Ahsan, who examined Plaintiff in April 2004 and who noted Plaintiff's normal muscle mass and tone, full strength in both his upper and lower extremities, and absence of any tremor in his hands. TR 22-23, 143. Dr. Ahsan ordered a nerve conduction and EMG of Plaintiff's lower extremities and recommended that Plaintiff return in one month. TR 144. The Record does not indicate that Plaintiff returned to Dr. Ahsan or sought care from a different neurologist, but rather, indicates that as late as 2005, Plaintiff failed to follow-up with a neurologist, despite his complaints of blackout spells and seizures. TR 22, 234.

The ALJ additionally noted the opinion of Heather Lambert, Plaintiff's treating clinician, who completed a physical capacity evaluation of Plaintiff in February 2005. TR 22, 152. Ms. Lambert opined that Plaintiff could lift ten pounds occasionally and bend and reach occasionally. TR 22, 152. Ms. Lambert did not place any limitations or restrictions on Plaintiff's upper extremities or on Plaintiff's ability to manipulate with reaching, handling, fingering, or feeling. TR 152.

After reviewing the Record as a whole, the ALJ did not find that Plaintiff suffered a non-exertional limitation. Accordingly, his application of the Medical-Vocational Rules was proper.

## IV. RECOMMENDATION

---

[2] Drs. Bell and Patikar essentially opined that Plaintiff retained the residual functional capacity for medium work. TR 23, 133-140, 145-150. The ALJ accorded Plaintiff the benefit of the doubt, however, and found that he retained the residual functional capacity for sedentary work. TR 23.

10

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge